UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON E. BUTSCH,<br><br>              Petitioner,<br>  v.<br><br>JASON BENNETT,<br><br>              Respondent. | CASE NO. 2:24-cv-00303-RSL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 10, 2024 |

On March 5, 2024, Petitioner Clayton E. Butsch has filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* ("IFP"). Dkts. 4, 4-1. On March 15, 2024, the Court issued an Order to Show Cause. Dkt. 4. In the Order, the Court found Petitioner appeared to have funds sufficient to pay the $5.00 filing fee and found the proposed petition failed to meet the requirements of Rule 2 of the Rules Governing § 2254 cases ("Section 2254 Rules"). *Id*. The Court directed Petitioner to:

1. Show cause why his IFP application should not be denied or, in the alternative, pay the $5.00 filing fee on or before April 15, 2024; and

2. File an amended proposed petition that clearly articulates his ground for relief with a brief statement of facts supporting his ground for relief.

*Id*. The Court warned that it would recommend dismissal of this matter if Petitioner failed to "respond to [the Court's] Order by (1) showing cause or paying the filing fee and (2) filing an

REPORT AND RECOMMENDATION - 1

amended petition." *Id.* at 2. On March 28, 2024, Petitioner paid the $5.00 filing fee. *See* Docket. Petitioner did not, however, file an amended petition.[1]

Petitioner has failed to comply with the Court's Order. He has not adequately responded to the Court's Order and has not filed an amended petition to correct the deficiencies contained within the Petition. As Petitioner has failed to adequately respond to the Court's Order and has not provided a servable petition, the Court recommends this case be dismissed without prejudice. Based on the foregoing, the Court also recommends all pending motions (*see* Dkts. 10, 11) be denied as moot and a certificate of appealability be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 10, 2024, as noted in the caption.

Dated this 19th day of April, 2024.

David W. Christel
United States Magistrate Judge

---

[1] The docket reflects a petition was filed on March 28, 2024. Dkt. 9. When Petitioner paid the filing fee, his proposed petition (Dkt. 1-1) was docketed by the Clerk's Office as the Petition (Dkt. 9). Therefore, the Petition (Dkt. 9) is merely the Clerk's Office re-docketing the proposed petition (Dkt. 1-1) that the Court found did not meet the Rule 2 requirements.

REPORT AND RECOMMENDATION - 2